IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CRAIG BATTLE, #353742 | * | |
| Plaintiff, | | |
| v. | * | CIVIL ACTION NO. DKC-11-2786 |
| RODERICK SOWERS | * | |
| OFFICER KIBLER | | |
| DIVISION OF CORRECTIONS | * | |
| Defendants. | | |
| | *** | |

## MEMORANDUM OPINION

**Procedural History**

Craig Battle ("Battle") filed this 42 U.S.C. 1983 prisoner civil rights action raising excessive force claims against a correctional officer regarding an alleged event that occurred on September 18, 2011, at the Maryland Correctional Institution in Hagerstown ("MCIH"). Battle contends that on that day he fell from his top bunk and lay on the cell floor on his stomach unable to move. His cellmate began knocking on the cell door to obtain assistance. Defendant Kibler came to the cell door and yelled for Battle to get up off the floor. Finding Battle unresponsive, Kibler allegedly came into the cell, slung Battle over onto his back, cuffed him, dragged him by the collar, threw him against the wall, picked him up, and "slammed him" onto an awaiting stretcher. (ECF No. 1 at Davidson Aff.; & ECF No. 3).[1] Battle claims he experienced a contusion and some bleeding under the skin (ecchymosis).[2] (ECF No. 3 at 7).

---

[1] Attached to the original Complaint is the affidavit of Battle's cellmate, Bryant Davidson, who affirms that he witnessed the entire incident. Davidson states that he banged on the door to gain assistance after Battle fell from the top bunk. He maintains that Correctional Officer Kibler came to the cell, began cursing at Battle to get up off the cell floor, cuffed Davidson, and then entered the cell. Davidson affirms that Kibler then grabbed Battle's arms, placed handcuffs on him, threw Battle onto his back, dragged him out by the collar, threw him against the wall, then lifted Battle up, and slammed him onto the stretcher. (ECF No. 1 at Davidson Aff.)

[2] Ecchymosis is a purplish patch caused by extravasation of blood into the skin. *See* Stedman's Dictionary 561 (27th ed. 2000).

Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment.[3] (ECF No. 10). The motion may be determined on the papers without hearing. *See* Local Rule 105.6. (D. Md. 2011). For reasons to follow, the dispositive motion shall be granted.

**Motion to Dismiss**

In considering a motion to dismiss under Rule 12(b)(6), a court " 'must accept as true all of the factual allegations contained in the complaint,' " and must " 'draw all reasonable inferences [from those facts] in favor of the plaintiff.' " *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.,* 637 F.3d 435, 440 (4th Cir. 2011) (quoting *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and *Nemet Chevrolet, Ltd. v. Consumerafairs.com, Inc.,* 591 F.3d 250, 253 (4th Cir. 2009)).

A complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and ... recovery is very remote and unlikely." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555–56 (2007). A complaint that provides no more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," is insufficient under the Rule. *Id.* at 555. So, if the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown that "'the pleader is entitled to relief.' " *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009) (citation omitted).

A motion pursuant to Rule 12(b)(6) "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards v. City of Goldsboro,* 178 F.3d 231, 243 (4th Cir. 1999) (internal quotation marks omitted). Moreover, in resolving a Rule 12(b)(6) motion, the court is not required to accept legal conclusions drawn from the facts. *See Papasan v.*

---

[3] Pursuant to the dictates of *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), on February 17, 2012, the court notified Battle at his MCIH address that Defendants had filed a dispositive motion, Battle was entitled to file opposition materials, and his failure to file an opposition or to show a genuine dispute of material fact would result in the dismissal of his case. ECF No. 11.

*Allain,* 478 U.S. 265, 286 (1986); *Monroe v. City of Charlottesville, Va.,* 579 F.3d 380, 385–86 (4th Cir. 2009), *cert. denied,* — U.S. —, 130 S.Ct. 1740, 176 L.Ed.2d 214 (2010).

**Motion for Summary Judgment**

> Under Fed. R. Civ. P. 56(a):
>
>> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion.
>
> The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:
>
>> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

*Anderson v. Liberty Lobby, Inc.*, 477 U. S. 242, 247-48 (1986) (emphasis in original). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248.

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 525 (4th Cir. 2003) (alteration in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to....the nonmovant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." *Dennis v. Columbia*

*Colleton Med. Ctr., Inc.*, 290 F.3d 639, 644-45 (4th Cir. 2002). A verified complaint "is the equivalent of an opposing affidavit for summary judgment purposes, *when the allegations contained therein are based on personal knowledge.*" *Williams v. Griffin,* 952 F.2d 820, 823 (4th Cir 1991) (emphasis added). Therefore, a verified complaint that alleges facts that are made on belief or information and belief is insufficient to oppose summary judgment. The court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat*, 346 F.3d at 526 (internal quotation marks omitted) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

**Analysis**

Battle claims through the verified affidavit of another inmate that that after he fell from his bunk to the cell floor, Kibler applied excessive force when removing him from the floor, applying handcuffs, and placing him on a stretcher. In his response, Kibler affirms that upon reaching Battle's cell at approximately 12:00 a.m. he was informed by cellmate Bryant Davidson that Battle had fallen from his bunk and was unable to move. (ECF No. 10, Ex. 1 at Kibler Aff.). Kibler witnessed Battle lying on his stomach with no signs of physical movement. (*Id*.). Kibler notified the officer in charge, who contacted the housing unit lieutenant. An MCIH nurse was then contacted and advised the lieutenant to bring Battle to the MCIH hospital on a stretcher. (*Id*., Ex. 2 at Henson Aff.). Kibler returned to Battle's cell with Correctional Officer Henson. Kibler handcuffed Battle, rolled him onto his back with Battle's physical assistance and pulled Battle from the cell with his arms under Battle's arms. Kibler affirms that once out of Battle's cell, he leaned Battle against the wall, while Correctional Officer Henson prepared the stretcher. (*Id*., Exs. 1 & 2). Both officers then lifted Battle onto the stretcher, with Kibler lifting Battle by the ankles and Henson lifting his upper

4

torso. (*Id*.). At 12:15 a.m. Kibler took Battle to the prison hospital where he was assessed by Nurse Veronica Beers. (*Id*., Ex. 3). Beers found no sign of injury or lacerations to Battle's head. (*Id*., Ex 4). Pursuant to a directive issued by Dr. Ottey, Battle was transferred to Meritus Medical Center ("MMC") for further evaluation with a stabilization collar placed around his neck. (*Id*.). Battle was returned to MCIH from MMC at 6:00 a.m. Shortly thereafter, he was observed to be walking without any problems. (*Id*., Ex. 1 at Kibler Aff.).

Defendant Division of Correction ("DOC") seeks dismissal of the complaint raised against it, arguing that as a state agency it is not a "person" under 42 U.S.C. § 1983 and it is entitled to Eleventh Amendment immunity. The court concurs with this argument.

Defendant DOC is a state agency operating as a division of the Maryland Department of Safety and Correctional Services. *See* Md. Code. Ann., Corr. Servs., Art., §§ 1-101(g) and 3-201. Neither a state nor an agency of a state is a "person" within the meaning of 42 U.S.C. § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 64-65 & 70-71 (1989). Moreover, state agencies are immune from liability under the Eleventh Amendment from a § 1983 suit in federal court without regard to the nature of the relief sought. *See Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 101-01 (1984); *C.H. v. Oliva*, 226 F.3d 198, 201 (3rd Cir. 2000). Consequently, the complaint against DOC is subject to dismissal for want of jurisdiction.

Battle's claim of excessive force against Defendant Kibler fares no better. Whether force used by prison officials was excessive is determined by inquiring if "force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U. S. 1, 6-7 (1992). This court must look at the need for application of force; the relationship between that need and the amount of force applied; the extent of the injury inflicted; the extent of the threat to the safety of staff and inmates as reasonably perceived by prison officials; and

any efforts made to temper the severity of the response. *See Whitley v. Albers*, 475 U. S. 312, 321 (1986). The absence of significant injury alone is not dispositive of a claim of excessive force. *See Wilkens v. Gaddy*, 130 S. Ct. 1175, 1178-1179 (2010) (holding the core judicial inquiry when a prisoner alleges excessive force is not whether a certain quantum of injury was sustained, but rather whether force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm). The extent of injury incurred is one factor indicative of whether or not the force used was necessary in a particular situation, but if force is applied maliciously and sadistically liability is not avoided simply because the prisoner had the good fortune to escape serious harm. *Id*.

Viewing the facts in a light most favorable to Battle, he has been challenged to show that Kibler maliciously applied excessive force when moving him from the floor to the stretcher. Although the court has considered cellmate Bryant Davidson's affidavit in evaluating Defendants' summary judgment motion, it concludes that the disputed facts are not material in nature nor supported by the record. Defendants' Affidavits, reports, and medical records demonstrate that Battle was removed from his cell floor and placed on the stretcher with no more force than reasonably necessary. Further, even if it is true that Battle was roughly manhandled by Kibler, in-house medical personnel saw no objective evidence of head injury from Battle's fall from his bunk or the alleged use of force at the hands of Kibler. To the extent that Battle rests on Davison's verified allegations regarding Kibler's conduct, the claims are simply not consistent with the total lack of injuries Battle experienced. Consequently, Battle has failed to set out an Eighth Amendment claim against either Kibler or MCIH Warden Sowers.[4]

---

[4] The court observes that the Complaint names MCIH Warden Sowers as a Defendant, but raises no claims against him. There is no allegation that Sowers was personally involved in Battle's

**Conclusion**

For the aforementioned reasons Defendant DOC's Motion to Dismiss will be granted. The Motion for Summary Judgment filed by Defendants Kibler and Sowers will likewise be granted. A separate Order follows.


Date:  August 17, 2012                       /s/
                                     DEBORAH K. CHASANOW
                                     United States District Judge

---

movement to the prison hospital and Battle has provided no evidence demonstrating supervisory liability on the part of Sowers. *See Shaw v. Shroud*, 13 F.3d 791, 799 (4th Cir. 1994). In light of these omissions and Battle's failure to show an underlying Eighth Amendment violation, the claim against Sowers shall be dismissed.